UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

EMOND DUREA LOGAN,

    Defendant-Movant,

v.

UNITED STATES OF AMERICA,

    Plaintiff-Respondent.
_____/

Case No. 1:24-cv-1165

Honorable Paul L. Maloney

**OPINION AND ORDER**

Currently pending before the Court is Defendant-Movant Emond Durea Logan ("Defendant")'s *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1.) For the reasons set forth below, Defendant's motion will be denied.

**I.    Background**

On February 24, 2010, a grand jury returned a Second Superseding Indictment charging Defendant with: (1) conspiracy to distribute and to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and (2) money laundering conspiracy, in violation of 18 U.S.C. §§ 1956 and 1957. *See United States v. Logan*, No. 1:08-cr-274-16 (W.D. Mich.) (ECF No. 201).

On September 13, 2010, Defendant appeared before the undersigned to plead guilty to Count One of the Second Superseding Indictment, charging him with conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. *See* Plea Agreement, *id.* (ECF No. 334, PageID.1672); *see also* Change of Plea Hr'g Tr, *id.* (ECF No. 704). The plea agreement set forth that Defendant faced a mandatory

minimum of 10 years' incarceration and a maximum of life. *See* Plea Agreement, *id.* (ECF No. 334, PageID.1673).

On March 31, 2011, the Court sentenced Defendant to 420 months' incarceration, followed by 5 years of supervised release. *See* J., *id.* (ECF No. 567). Defendant appealed, arguing that the government breached the plea agreement and that he was therefore entitled to resentencing. *See United States v. Logan*, 542 F. App'x 484, 488 (6th Cir. 2013). The United States Court of Appeals for the Sixth Circuit agreed with Defendant that the government did breach the plea agreement by opposing Defendant's request for a two-level reduction of his offense level for acceptance of responsibility in its sentencing memorandum, despite language included in the written plea agreement stating that the government would not oppose such a request. *See id.* at 489–90. The Sixth Circuit, however, concluded that Defendant was not entitled to resentencing because Defendant had "failed to establish that the government's breach affected his substantial rights under plain-error analysis." *Id.* at 490. In reaching that determination, the Sixth Circuit concluded that Defendant could not "establish that but for the government's breach of the plea agreement, the district court would have concluded that this was an extraordinary case and granted him the acceptance of responsibility reduction, when it found that an obstruction of justice enhancement was appropriate." *Id.* at 491.

On January 27, 2015, Defendant filed a § 2255 motion, claiming that counsel was ineffective by advising him to reject a plea agreement "with a ten-year sentence cap, and then advis[ing] him to accept a much worse plea agreement that resulted in a sentence of 420 months." *United States v. Logan*, 257 F. Supp. 3d 880, 882 (W.D. Mich. 2017). On June 30, 2017, the Court denied Defendant's § 2255 motion, but granted a certificate of appealability "to allow the Sixth Circuit Court of Appeals to examine the unique facts and interesting legal issues this case

3

presents." *Id.* at 891. On appeal, the Sixth Circuit affirmed this Court's denial of Defendant's § 2255 motion. *See Logan v. United States*, 910 F.3d 864, 866 (6th Cir. 2018). The United States Supreme Court denied Defendant's petition for a writ of certiorari on April 15, 2019. *See Logan v. United States*, 139 S. Ct. 1589 (2019).

On January 24, 2022, Defendant filed what he called a "60(d) 3 Motion Fraud on the Court." *See United States v. Logan*, No. 1:08-cr-274-16 (W.D. Mich.) (ECF No. 1152). In an order entered the next day, the Court construed Defendant's motion as a second or successive § 2255 motion and transferred it to the Sixth Circuit for further consideration. *See* Order, *id.* (ECF No. 1153). On July 26, 2022, the Sixth Circuit denied Defendant's motion for authorization to file a second or successive § 2255 motion. *See* 6th Cir. Order, *id.* (ECF No. 1158).

On July 24, 2024, Defendant filed with the Sixth Circuit another motion for authorization to file a second or successive § 2254 motion pursuant to 28 U.S.C. § 2244. *See In re Logan*, No. 24-1620 (6th Cir.). In his motion, Defendant indicated that he was entitled to resentencing because of a California Superior Court order that reduced one of Defendant's prior convictions from a felony to a misdemeanor and dismissed the charge. *See* 6th Cir. Order, *United States v. Logan*, No. 1:08-cr-274-16 (W.D. Mich.) (ECF No. 1186, PageID.11781). The Sixth Circuit concluded that Defendant's proposed § 2255 motion was not "second or successive because the state-court order giving rise to his claim was not issued until 2024, after his previous § 2255 motion was denied." *Id.* (ECF No. 1186, PageID.11782). The Sixth Circuit transferred the motion to this Court for further consideration. *See id.*

This Court docketed the instant § 2255 motion as of November 4, 2024. (ECF No. 1.) In an order (ECF No. 6) entered on November 5, 2024, the Court directed the government to file a response to the motion. Prior to the government filing its response, the Court granted Defendant's

motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and reduced Defendant's sentence to 384 months. *See* Order, *United States v. Logan*, No. 1:08-cr-274-16 (W.D. Mich.) (ECF No. 1191). The government filed its response (ECF No. 8) to Defendant's § 2255 motion on December 30, 2024.

## II.    Legal Standards

### A.    Merits

A prisoner may move to vacate his sentence under 28 U.S.C. § 2255 if he can demonstrate that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it "is otherwise subject to collateral attack." 28 U.S.C. § 2255. However, "Section 2255 does not provide relief for just any alleged error." *Bullard v. United States*, 937 F.3d 654, 658 (6th Cir. 2019). To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quoting *Murray v. Carrier*, 477 U.S. 478, 485 (1986)).

### B.    Evidentiary Hearing

The Court must hold an evidentiary hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No hearing is required if

Defendant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quotation omitted).

### III.    Discussion

Defendant asserts that he is entitled to resentencing because a "prior conviction used to calculate [his] criminal history points has now been set aside and sealed based upon constitutional invalidity." (§ 2255 Mot., ECF No. 1, PageID.6.) Specifically, Defendant asserts that on June 4, 2024, the Riverside, California, Superior Court granted his petition to set aside his "prior 2008 conviction as a violation of [his] Second Amendment right." (*Id.*) The government contends that Defendant's § 2255 motion should be denied because "the California state court did not truly 'expunge' his prior convictions; the dismissed convictions continue to exist under seal." (ECF No. 8, PageID.39.)

On May 25, 2008, in the Riverside County Superior Court in Riverside, California, Defendant was sentenced to 120 days in jail and 36 months of probation for illegal possession of a concealed firearm and for being a person prohibited from owning or possessing a firearm or ammunition. *See* Presentence Investigation Report (PSR), *United States v. Logan*, No. 1:08-cr-274-16 (W.D. Mich.) (ECF No. 1157, PageID.11640). Subsequently, Defendant petitioned that court, under section 17(b) of the California Penal Code, to reduce his felony conviction of possession of a firearm as a prohibited person to a misdemeanor. (ECF No. 1-1, PageID.13.) On July 4, 2024, the court granted that petition. (*Id.*) However, the court also applied section 1203.4 of the California Penal Code to "dismiss or set aside" all convictions from that case. (*Id.*) A copy of the docket reflects that the case was "ordered dismissed" and "ordered sealed." (*Id.*, PageID.16.)

6

The Government argues that Defendant is not entitled to relief because he "secured a dismissal and sealing of his prior convictions, not an expungement." (ECF No. 8, PageID.42.) This Court agrees with the Government. The Sentencing Guidelines expressly provide that "[s]entences for expunged convictions are not counted [when computing criminal history], but may be considered under § 4A1.3 (Departures Based on Inadequacy of Criminal History Category (Policy Statement))." *See* USSG § 4A.1.2(j). The commentary to § 4A1.3 provides further detail. Specifically, the commentary states:

> Sentences resulting from convictions that (A) have been reversed or vacated because of errors of law or because of subsequently discovered evidence exonerating the defendant, or (B) have been ruled constitutionally invalid in a prior case are not to be counted. With respect to the current sentencing proceeding, this guideline and commentary do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond any such rights otherwise recognized in law (e.g., 21 U.S.C. § 851 expressly provides that a defendant may collaterally attack certain prior convictions).

*Id.*, cmt. 6. Furthermore, with respect to pardons and convictions that are set aside, the commentary states:

> A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, e.g., in order to restore civil rights or to remove the stigma associated with a criminal conviction. Sentences resulting from such convictions are to be counted. However, expunged convictions are not counted. § 4A1.2(j).

*Id.*, cmt. 10.

The Sixth Circuit has adopted the definition of "expunge" set forth in *Black's Law Dictionary,* which defines "expunge" as "[t]o erase or destroy." *See United States v. Shor*, 549 F.3d 1075, 1078 (6th Cir. 2008) (citing *Black's Law Dictionary* (8th ed. 2004)). Here, although Defendant's prior convictions for illegal possession of a concealed firearm and being a prohibited

7

person in possession of a firearm were dismissed and the case ordered sealed, they were not expunged because the records were not deleted, stricken, or destroyed.

Indeed, the language of § 1203.4 of the California Penal Code corroborates that conclusion. The statute provides in pertinent part:

> When a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interest of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if they are not then serving a sentence for an offense, on probation for an offense, or charged with the commission of an offense, be permitted by the court to withdraw their plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if they have been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, the defendant shall thereafter be released from all penalties and disabilities resulting from the offense of which they have been convicted[.]

Cal. Penal Code § 1203.4(a)(1). The California Court of Appeal has noted that while "a number of courts have used forms of the word 'expunge' to describe the relief made available by section 1203.4, the statute does not in fact produce such a dramatic result." *See People v. Frawley*, 98 Cal. Rptr. 2d 555, 559–60 (2000). The section "does not purport to render the conviction a legal nullity." *Id.* In fact, the statute explicitly provides that "in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed." *See* Cal. Penal Code § 1203.4(a)(1).

The United States Court of Appeals for the Ninth Circuit has addressed and rejected an argument similar to the one raised by Defendant. In *United States v. Hayden*, the Ninth Circuit addressed "whether a conviction 'set aside' pursuant to the California probation statute is an

'expunged' conviction under the United States Sentencing Guidelines." 255 F.3d 768, 769 (9th Cir. 2001). The panel, citing *Frawley* and other state authority, concluded that

> the California courts have consistently viewed section 1203.4 as a statute which provides a limited form of relief. A section 1203.4 order does not "erase" or "expunge" a prior conviction, and a conviction set aside pursuant to this statute falls under § 4A1.2's general rules governing federal courts' use of prior convictions, and not under § 4A1.2(j)'s exception for "expunged" convictions.

*Hayden*, 255 F.3d at 772. The Ninth Circuit concluded that the district court had properly denied Hayden's § 2255 motion seeking resentencing on this basis because a "conviction set aside pursuant to California Penal Code section 1203.4 is not 'expunged' under Sentencing Guideline § 4A1.2(j)." *Id.* at 774.

Furthermore, Defendant has not demonstrated that his convictions were set aside for reasons of constitutional invalidity, innocence, or errors of law, as required under USSG § 4A.1.2 cmt. 6. In his § 2255 motion, Defendant contends that he petitioned for his convictions to be set aside pursuant to *United States v. Duarte*, 101 F.4th 657 (9th Cir. 2024). (§ 2255 Mot., ECF No. 1, PageID.6.) In *Duarte*, the United States Court of Appeals for the Ninth Circuit concluded that Duarte's federal conviction under 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm "violate[d] the Second Amendment as applied to him, a non-violent offender who has served his time in prison and reentered society." *Duarte*, 101 F.4th at 661. However, on July 17, 2024, the Ninth Circuit vacated the panel opinion in *Duarte* and ordered that the case be reheard *en banc*. *See United States v. Duarte*, 108 F.4th 786 (9th Cir. 2024). In any event, nowhere in the order granting Defendant's petition to set aside or dismiss his convictions does it state that the trial court relied upon the Ninth Circuit's decision in *Duarte* to grant relief. Moreover, nowhere does the order state that Defendant's petition was granted for reasons of constitutional invalidity, innocence, or errors of law. Thus, even though Defendant's prior convictions have been set aside,

9

they still qualify as prior convictions for purposes of determining Defendant's criminal history in this Court.

In sum, the record before the Court supports a conclusion that Defendant's sole ground for relief is meritless.[1] Accordingly, there is no need for the Court to conduct an evidentiary hearing, and Defendant's § 2255 motion (ECF No. 1) will be denied.

## IV.  Certificate of Appealability

Under 28 U.S.C. § 2253(c)(1)(B), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Defendant has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a

---

[1] In his § 2255 motion, Defendant also asserts that he is entitled to resentencing under Amendments 782 and 821 to the Sentencing Guidelines. (§ 2255 Mot., ECF No. 1, PageID.8.) Amendment 782, which was first promulgated in 2014 and later made retroactively applicable, "revised the drug-trafficking offenses by reducing the base offense level assigned to the drug quantities described in § 2D1.1 by two levels." *United States v. Anderson*, No. 1:13-cr-20704-2, 2024 WL 5004321, at *6 n.4 (E.D. Mich. Dec. 6, 2024).

Amendment 821 changed the calculation of "status points" for criminal history calculations pursuant to USSG § 4A1.1. *See* Amendment 821, https://www.ussc.gov/guidelines/amendment/821 (last visited Jan. 30, 2025). Notably, before Amendment 821 went into effect, a defendant received two points if he or she "committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *Id.*, Part A. Now, under Amendment 821, such a defendant receives only one point if he or she "(1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *Id.*

On December 9, 2024, this Court granted Defendant's motion for a sentence reduction pursuant to Amendment 821, reducing Defendant's sentence to 384 months. *See* Order, *United States v. Logan*, No. 1:08-cr-274-16 (W.D. Mich.) (ECF No. 1191). Thus, Defendant has already received any relief he is entitled to under Amendment 821. Moreover, Defendant has another pending motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2) that relies upon Amendment 782. *See* Mot., *id.* (ECF No. 1173). In light of that motion, the Court declines to address Defendant's Amendment 782 argument here.

certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Defendant's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Defendant's claim. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Defendant's claim was debatable or wrong. Therefore, the Court will deny Defendant a certificate of appealability. Moreover, although Defendant has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Defendant might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## V.    Conclusion

For the foregoing reasons, the Court will deny Defendant's § 2255 motion. Accordingly,

**IT IS ORDERED** that Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

A separate judgment will follow. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).


Dated:   February 12, 2025                                  /s/ Paul L. Maloney
                                                                         Paul L. Maloney
                                                                         United States District Judge